## KELLY v. WILSON.

### No. 11,595; May 22, 1886.

#### 11 Pac. 244.

**Grand Jury—Contempt.—Writ of Prohibition denied.[1]**

Application for writ of prohibition. The facts are the same as in the case of In re Gannon, 69 Cal. 541, 11 Pac. 240.

Davis V. Louderbach for petitioner; P. G. Galpin for respondent.

By the COURT.—Upon the authority of In re Gannan, 69 Cal. 541, 11 Pac. 240, this day filed, the application for a writ of prohibition is denied.

---

[1] Cited in Halsey v. Superior Court, 152 Cal. 85, 91 Pac. 993, where the court says of it that it "was decided at the same time as the Gannon case (In re Gannon, 69 Cal. 541, 11 Pac. 240), and was based entirely upon the authority of the Gannon case, and therefore adds nothing to that authority."

Cited and followed in Halsey v. Superior Court, 152 Cal. 75, 91 Pac. 989, in which, as the court say, the precise question was involved, adding (page 76): "It thus appears that the court in these cases construed section 210, Code of Civil Procedure, as only limiting the time in which the persons selected shall serve for the purpose of the drawing and impaneling of a jury, and as having nothing whatever to do with the life of a jury, either grand or trial, once regularly drawn and impaneled."

Cited and approved in State v. Second Judicial Dist. Court, 31 Mont. 437, 78 Pac. 772, where it was held that under the Montana statute the old grand jury, if not discharged by the court, may return an indictment although the new jury list may actually have been made and filed for the term covering the time of such return.